Office of the Attorney General · State of Texas



August 23, 1999

Bruce Levy, M.D., J.D.                                      Opinion No. JC-0097
Executive Director
Texas State Board of Medical Examiners          Re: Whether a therapeutic optometrist may
P.O. Box 2018                                              perform certain procedures; request for
Austin, Texas 78768-2018                              reconsideration of Attorney General Opinion
                                                                  DM-425 (1996) (RQ-0025)

Dear Dr. Levy:

        You ask us to reconsider the conclusion reached by this office in Attorney General Opinion
DM-425 (1996). In that opinion, the Texas Department of Health listed eleven procedures and asked
whether the procedures could be performed by a therapeutic optometrist. As you know, the Texas
Optometry Act forbids a therapeutic optometrist to perform surgery. *See* Act of May 20, 1999, 76th
Leg., R.S., H.B. 1051, § 1 (to be codified at TEX. REV. CIV. STAT. ANN. art. 4552-1.02(7)). Since
the term "surgery" was not defined by the Optometry Act at the time the opinion was issued, the
opinion relied on the ordinary definition of surgery to conclude that a therapeutic optometrist could
perform a listed procedure if the procedure was not a "cutting operation." The opinion concluded
further that whether any of the procedures involved a cutting operation was a question of fact.

        This year the Seventy-sixth Legislature amended the Texas Optometry Act to include a
definition of "surgery:"

> "Surgery" means any procedure using instruments, including,
> lasers, scalpels, or needles, in which human tissue is cut, burned,
> vaporized, or otherwise altered by any mechanical means, laser, or
> ionizing radiation. The term includes procedures using instruments
> that require closure by suturing, clamping, or another device. The
> term does not include a noninvasive procedure to remove a superficial
> foreign body in the conjunctiva, eyelid, or corneal epithelium that has
> not perforated the Bowman's membrane.

Act of May 20, 1999, 76th Leg., R.S., H.B. 1051, § 1 (to be codified at TEX. REV. CIV. STAT. ANN.
art. 4552-1.02(11)).

        When a term is clearly defined by an applicable statute, we need not look to the ordinary
definition of the term or any other definition. Because the Optometry Act now defines "surgery,"

the statutory definition controls for purposes of determining what procedures constitute "surgery." Attorney General Opinion DM-425 is therefore superseded by statute to the extent it defines "surgery" according to the term's ordinary meaning. Whether any of the eleven procedures listed in the original opinion request is "surgery" under the statutory definition remains a question of fact.

## S U M M A R Y

The Texas Optometry Act, Texas Revised Civil Statutes article 4552-1.02, forbids a therapeutic optometrist to perform surgery. As amended by the Seventy-sixth Legislature, the Act expressly defines "surgery." Attorney General Opinion DM-425 (1996) defined "surgery" under the Act according to the term's ordinary meaning. To the extent it defined "surgery" according to the term's ordinary meaning, Attorney General Opinion DM-425 is superseded by statute.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Barbara Griffin
Assistant Attorney General - Opinion Committee